IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| BILL HEARD ENTERPRISES, INC., et al.,[1] ) | |
| ) | Case No. _____ |
| Debtors. ) | |

## DEBTORS' MOTION FOR EXPEDITED HEARING ON FIRST-DAY PLEADINGS

**COME NOW,** Bill Heard Enterprises, Inc. ("Heard"), and certain of its direct and indirect subsidiaries (the "Subsidiaries"), as debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, and move this Court (this "Motion") to set an expedited hearing on the First-Day Pleadings (as defined below) as quickly as the Court's docket will allow. In support of this Motion, the Debtors rely on the *Affidavit of Fred C. Caruso in Support of Chapter 11 Petitions and First Day Orders*, filed contemporaneously herewith, and state as follows:

---

[1] In addition to Bill Heard Enterprises, Inc., the Debtors include the following entities: (i) Bill Heard Chevrolet Company, (ii) Tom Jumper Chevrolet, Inc., (iii) Bill Heard Chevrolet, Inc. - Huntsville, (iv) Landmark Chevrolet, Ltd., (v) Bill Heard Chevrolet, Ltd., (vi) Bill Heard Chevrolet Corporation Nashville, (vii) Bill Heard Chevrolet Corporation - Orlando, (viii) Bill Heard Chevrolet, Inc. - Union City, (ix) Bill Heard Chevrolet at Town Center, LLC, (x) Bill Heard Chevrolet, Inc. - Collierville, (xi) Bill Heard Chevrolet, Inc. - Scottsdale, (xii) Bill Heard Chevrolet, Inc. - Plant City, (xiii) Bill Heard Chevrolet, Inc. - Buford, (xiv) Bill Heard Chevrolet Corporation - Las Vegas, (xv) Bill Heard Chevrolet Corporation - N.W. Las Vegas, (xvi) Twentieth Century Land Corp., (xvii) Enterprise Aviation, Inc., (xviii) Century Land Corporation, (xix) Century Land Company - Tennessee, (xx) Bill Heard Management, LLC, (xxi) Landmark Vehicle Mgt., LLC, (xxii) Georgia Services Group, LLC, (xxiii) Columbus Transportation, LLC

1690123 v6

## JURISDICTION AND VENUE

1.  On September 28, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107 and 1108. The Debtors have moved this Court for joint administration of these chapter 11 cases.

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

### Company Background and Industry

3.  William T. Heard, Sr. began a single dealership in Columbus, Georgia in 1919, eleven years after Henry Ford first produced the Model T. In 1961, Bill Heard, Jr. took the reins of the company and the company has since grown to become the equity holder of, either directly or indirectly, subsidiaries which own and operate fourteen Chevrolet dealerships in seven states. Specifically, these dealerships are located in Sanford, Florida; Plant City, Florida; Huntsville, Alabama; Columbus, Georgia; Union City Georgia; Buford, Georgia; Atlanta, Georgia; Kennesaw, Georgia; Collierville, Tennessee; Houston, Texas; Sugar Land, Texas, Scottsdale, Arizona; and Las Vegas, Nevada. Additionally, Heard operates a Saab/Cadillac dealership at one of their locations. The model of the Heard business was to operate large stores that focused on maximizing the volume of vehicles sold. This model led Heard to adopt the slogan of "Mr. Big Volume." At its peak, Heard's revenue approximated $2.5 billion per year. Over the past several years, Heard has transitioned from older, smaller dealerships in many locations to newer, larger dealerships in order to effectuate this business model. These larger locations enabled

1690123 v6

2

Case 08-83029-JAC11   Doc 16   Filed 09/29/08   Entered 09/29/08 08:44:34   Desc Main
Document   Page 2 of 13

Heard to maximize the volume of vehicles sold at the locations, but also resulted in increased operating expenses. Heard has historically been one of, if not the, largest Chevrolet dealers in the country based upon the volume of cars sold.

4. Beginning in mid-2007, Heard's dealerships began to suffer significant monthly operating losses. These losses are attributable to a variety of factors, including credit availability and decreased demand. In 2008, Heard's dealerships suffered monthly losses ranging from approximately $2.0 million to $5.0 million. Due to these losses and the resulting financial liquidity crises at the dealerships, the Debtors ceased operations at the dealerships on September 24, 2008.

**Debt Structure**

5. Heard has three floor plan lenders that finance the dealerships' purchase of automobiles at Heard's fourteen dealerships. A floor plan lender is a lender that finances inventory and each loan advance is made against a specific piece of inventory (in the case of Heard, that inventory was Chevrolet vehicles). Heard's floor plan lenders include GMAC, LLC ("GMAC"), BMW Financial Services N.A., LLC and JPMorgan Chase Bank, N.A. BMW Financial Services N.A., LLC provides the floor plan lending at Heard's dealerships in Plant City, Florida, Union City, Georgia and Sugar Land, Texas. JPMorgan Chase Bank, N.A. provides the floor plan lending at Heard's dealership in Scottsdale, Arizona. GMAC provides the floor plan lending at the remaining ten Heard dealerships.[2] The total amount of the Debtors' floor plan debt approximates $229 million.

---

[2] Navistar Financial Corporation provides the floor plan financing for International trucks sold at the Columbus, Georgia dealership. GMAC provides the floor plan financing for the remaining trucks sold at the dealership.

6. The majority of the dealerships are located on real property owned by one or more of the Heard subsidiaries, some of which are not filing for bankruptcy protection at this time. This real property is mortgaged to various entities including GE Commercial Finance Business Property Corporation, Astar Finance Falcon II LLC, Columbus Bank & Trust Company, GMAC or JPMorgan Chase Bank, N.A. However, several of the dealerships are located on property leased from third parties.

7. The Debtors generally have unsecured debt of approximately $40 million. Additionally, the Debtors owe amounts for, among other things, unpaid wages, employee medical claims and various state taxes.

**Events Leading to Bankruptcy**

8. The Debtors' bankruptcy filing has been precipitated by a variety of factors that has served to create a "perfect storm." Over the past year, the nation has seen an astronomical rise in gasoline prices. This unprecedented rise in fuel costs, combined with Chevrolet's product mix focused on SUVs and trucks, has led to a significant decline in the volume of purchases of Chevrolet manufactured vehicles. The overall volume of new car sales in the United States has fallen from an estimated 16.1 million last year to a projected 14 million this year. A recent study by Grant Thornton, LLP found that 2,736 dealerships would need to close in order to maintain sales per dealer at last year's volume. This decrease in volume left the Heard dealerships, which were focused on selling large volumes of vehicles, with a reduced volume of vehicles sold, but remaining high operating expenses.

9. Additionally, the current economic climate has triggered reluctance by the public to make large purchases. The current state of affairs in the banking and financial sectors have also resulted in some retail lenders that formerly financed the consumers' purchase of new and

used automobiles to significantly restrict their lending to certain buyers, while other lenders have ceased such lending altogether.

10. Over the past several months, Heard has suffered from a financial liquidity crisis at its dealerships. Due to the lack of liquidity at the dealerships, the Debtors ceased operations at the dealerships on September 24, 2008.[3]

**Bankruptcy Filing**

11. Through the filing of this Bankruptcy proceeding, the Debtors seek to accomplish an orderly liquidation of the Debtors' businesses that will maximize the recovery to all of the Debtors' creditors, whether secured, unsecured, or with priority pursuant to the Bankruptcy Code. The Debtors are in the process of negotiating debtor-in-possession financing with the Debtors' floor plan lenders to fund the orderly liquidation of the Debtors' respective businesses.

12. The Debtors are currently negotiating asset purchase agreements for some of their dealerships and are actively marketing the remainder of their dealerships for immediate sale.

**RELIEF REQUESTED**

13. Also on the Petition Date, the Debtors filed with this Court the following motions, listed below by the type of relief requested (collectively, the "First-Day Pleadings"):

**Final**

1. Debtors' Motion For An Order Pursuant To Federal Rule Of Bankruptcy Procedure 1015(b) For Joint Administration Of Cases (the "Joint Administration Motion");

2. Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a) And 363(b) For Authorization To Pay Prepetition Wages, Compensation and Payroll Taxes (the "Wage Motion");

3. Debtors' Motion To Establish Certain Case Management Procedures And To Limit Notice (the "Case Management Motion");

---

[3] The Debtors' dealership located in Scottsdale, Arizona ceased operations on September 12, 2008.

Case 08-83029-JAC11    Doc 16    Filed 09/29/08    Entered 09/29/08 08:44:34    Desc Main
Document    Page 5 of 13

4. Debtors' Motion For An Order Pursuant To 11 U.S.C. §§ 105 And 363 Authorizing (a) Continued Use Of Existing Cash Management System, (b) Maintenance Of Existing Bank Accounts, And (c) Continuation Of Inter-company Transactions (the "Cash Management Motion");

5. Debtors' Motion For An Order Granting The Debtors An Extension Of Time Within Which To File Schedules And Lists (the "Motion to Extend Deadlines");

**Interim**

6. Emergency Motion By Debtors And GMAC, LLC For Preliminary And Final Orders Authorizing Debtor To Obtain Post-Petition Financing On A Secured Basis Pursuant To 11 U.S.C. §§ 105, 361, And 364 (the "Financing Motion");

7. Debtors' Motion Pursuant To Bankruptcy Code §§ 366(B) And 105(A) For Order Deeming Utility Companies Adequately Assured Of Future Performance And Establishing Procedure For Determining Requests For Additional Adequate Assurances Pursuant To § 366 (the "Utilities Motion");

**Preliminary**

8. Debtors' Application For Order Authorizing Retention And Employment Of Burr & Forman LLP As Counsel For The Debtors And Debtors In Possession;

9. Debtors' Application For Order Authorizing Retention And Employment Of Stichter, Riedel, Blaine & Prosser, P.A. As Conflicts Counsel For The Debtors And Debtors In Possession;

10. Debtors' Application For Order Authorizing Retention And Employment Of Development Specialists, Inc. As Advisor On Financial And Management Consulting Issues And To Provide Valuation Services;

11. Debtors' Application For Order Pursuant To 28 U.S.C. § 156(C) And Fed. R. Bankr. P. 2002 Authorizing The Retention And Employment Of Epiq Bankruptcy Solutions, LLC As Notice And Claims Agent For The Debtors.

14. Due to the exigent nature of the relief requested in the First-Day Pleadings, the Debtors hereby respectfully request this Court set an immediate hearing on the First-Day Pleadings as soon as practicable on the Court's calendar.

15. The Debtors request that this Court conduct expedited hearings on, or as soon as possible after, the Petition Date for the following First-Day Pleadings (collectively, the "Petition Date Motions") and enter the First Day Orders as proposed therewith:

1. The Joint Administration Motion;

2. The Wage Motion;

3. The Cash Management Motion; and,

4. The Financing Motion.

16. It is crucial that this Court conduct a hearing on the Petition Date Motions so that the Debtors can pay the payroll necessary to effectively wind down the Debtors' operations. The Debtors believe that the uninterrupted payment of the payroll to the Retained Employees (as defined in the Wage Motion) is critical to an effective wind down.

17. In addition to the entry of an order granting the Wage Motion, an interim order approving the financing (as requested in the Financing Motion) must be entered for the Debtors' to make payroll concerning the Retained Employees. Without the financing, the Debtors will not have sufficient cash on hand to fund the payroll and make necessary insurance payments. Obviously, the Debtors cannot use the financing until this Court enters an order granting the Financing Motion. Moreover, depending upon the time of day that the Clerk of this Court enters said order, it could be up to two (2) business days before the financing is made available to the Debtors. Consequently, it is crucial that this Court conduct an interim hearing on the Financing Motion as soon as possible.

18. In the Cash Management Motion, the Debtors seek authorization from this Court to continue to use their existing cash management system and to maintain some of their existing bank accounts. Absent order of this Court authorizing the continued use of the Debtors' cash management system and the maintenance of the existing bank accounts, the banks and other financial institutions at which the Debtors' bank accounts are maintained will not honor and pay any checks. Therefore, it is likewise necessary that this Court conduct an expedited hearing on the Cash Management Motion as soon as possible.

19. The Debtors further request that the Court set an expedited hearing within twenty-four (24) hours of the Petition Date for the remaining First-Day Pleadings.

## NOTICE AND PRIOR MOTIONS

20. Notice of this Motion has been given to (1) the Bankruptcy Administrator for the Northern District of Alabama; (2) counsel for the Debtors' primary prepetition secured lenders; (3) counsel for the Debtors' proposed postpetition secured lenders; (4) the Debtors' forty (40) largest unsecured creditors (on a consolidated basis); and (5) the District Director of Internal Revenue Service for the Northern District of Alabama. The Debtors submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

21. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors request that the Court enter an order, substantially similar to the order attached hereto as Exhibit "A," granting this Motion, setting expedited hearing and granting such other and further relief as the Court deems appropriate.

/s/ Robert B. Rubin
Robert B. Rubin
Derek F. Meek
Marc P. Solomon
Amanda M. Beckett

Attorneys for Debtors
BILL HEARD ENTERPRISES, INC., ET AL.

1690123 v6

8

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BILL HEARD ENTERPRISES, INC., et al.,[1] ) | Chapter 11 |
| ) | |
| ) | Case No. _____ |
| Debtors. ) | |

ORDER GRANTING DEBTORS' MOTION FOR EXPEDITED HEARING
ON FIRST-DAY PLEADINGS

This matter came to be heard upon the motion (the "Motion") of Bill Heard Enterprises, Inc. ("Heard") and certain of its direct and indirect subsidiaries (the "Subsidiaries"), as debtors and debtors in possession (collectively, the "Debtors"), for this Court to set an expedited hearing on the First-Day Pleadings (as defined in the Motion) as quickly as the Court's docket will allow. Upon consideration of the *Affidavit of Fred C. Caruso in Support of Chapter 11 Petitions and First Day Orders*; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; due notice of the Motion having been provided to (1) the Bankruptcy Administrator for the Northern District of Alabama; (2) counsel

---

[1] In addition to Bill Heard Enterprises, Inc., the Debtors include the following entities: (i) Bill Heard Chevrolet Company, (ii) Tom Jumper Chevrolet, Inc., (iii) Bill Heard Chevrolet, Inc. - Huntsville, (iv) Landmark Chevrolet, Ltd., (v) Bill Heard Chevrolet, Ltd., (vi) Bill Heard Chevrolet Corporation Nashville, (vii) Bill Heard Chevrolet Corporation - Orlando, (viii) Bill Heard Chevrolet, Inc. - Union City, (ix) Bill Heard Chevrolet at Town Center, LLC, (x) Bill Heard Chevrolet, Inc. - Collierville, (xi) Bill Heard Chevrolet, Inc. - Scottsdale, (xii) Bill Heard Chevrolet, Inc. - Plant City, (xiii) Bill Heard Chevrolet, Inc. - Buford, (xiv) Bill Heard Chevrolet Corporation - Las Vegas, (xv) Bill Heard Chevrolet Corporation - N.W. Las Vegas, (xvi) Twentieth Century Land Corp., (xvii) Enterprise Aviation, Inc., (xviii) Century Land Corporation, (xix) Century Land Company - Tennessee, (xx) Bill Heard Management, LLC, (xxi) Landmark Vehicle Mgt., LLC, (xxii) Georgia Services Group, LLC, (xxiii) Columbus Transportation, LLC

1690438 v1

for the Debtors' primary prepetition secured lenders; (3) counsel for the Debtors' proposed postpetition secured lenders; (4) the Debtors' forty (40) largest unsecured creditors (on a consolidated basis); and (5) the District Director of Internal Revenue Service for the Northern District of Alabama; and it appearing that no other or further notice need be provided; the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; upon the Motion and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that, due to the exigent nature of the relief requested in the First-Day Pleadings, the Court shall conduct hearings at the United States Bankruptcy Court For the Northern District of Alabama, Northern Division, 400 Well Street, Decatur, Alabama 35602, on September 29, 2008, at 1:30 p.m., for each of the matters set forth below, listed by the type of relief requested therein:

**Final**

1. Debtors' Motion For An Order Pursuant To Federal Rule Of Bankruptcy Procedure 1015(b) For Joint Administration Of Cases (the "Joint Administration Motion");

2. Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a) And 363(b) For Authorization To Pay Prepetition Wages, Compensation and Payroll Taxes (the "Wage Motion");

3. Debtors' Motion To Establish Certain Case Management Procedures And To Limit Notice (the "Case Management Motion");

4. Debtors' Motion For An Order Pursuant To 11 U.S.C. §§ 105 And 363 Authorizing (a) Continued Use Of Existing Cash Management System, (b) Maintenance Of Existing Bank Accounts, And (c) Continuation Of Inter-company Transactions (the "Cash Management Motion");

5. Debtors' Motion For An Order Granting The Debtors An Extension Of Time Within Which To File Schedules And Lists (the "Motion to Extend Deadlines");

**Interim**

1690438 v1

6. Emergency Motion By Debtors And GMAC, LLC For Preliminary And Final Orders Authorizing Debtor To Obtain Post-Petition Financing On A Secured Basis Pursuant To 11 U.S.C. §§ 105, 361, And 364 (the "Financing Motion"); and,

7. Debtors' Motion Pursuant To Bankruptcy Code §§ 366(B) And 105(A) For Order Deeming Utility Companies Adequately Assured Of Future Performance And Establishing Procedure For Determining Requests For Additional Adequate Assurances Pursuant To § 366 (the "Utilities Motion").

**ORDERED** that counsel for the Debtors shall serve a copy of this Order on those parties that receive notice of the Motion. Such service shall be made by expeditious means (including by facsimile or electronic mail). However, to the extent a motion for expedited hearing is granted in the related cases, counsel need serve a copy of this Order in only one of the cases.

Dated this the _____ day of September 2008.

_____
**UNITED STATES BANKRUPTCY JUDGE**

1690438 v1