# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>BILL HEARD ENTERPRISES, INC., ET AL.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-83029-JAC11<br>(Jointly Administered)<br><br>Hearing Date: November 18, 2013 @ 9:45 a.m. C.T.<br>(only if necessary)<br>Obj. Due: November 13, 2013 at 4:00 p.m. |

## NOTICE OF MOTION OF LIQUIDATING TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

**PLEASE TAKE NOTICE** that on October 23, 2013, the Liquidating Trustee appointed pursuant to the Debtors' confirmed First Amended Joint Consolidated Chapter 11 Plan of Liquidation filed the Motion of Liquidating Trustee For an Order Approving the Sale of Certain Assets of the Debtors' Estates to Oak Point Partners, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion must be made in writing and filed with the Clerk of the United States Bankruptcy Court, Seybourn H. Lynne Federal Building, 400 Well St. (PO Box 2775), Decatur, Alabama 35602 **no later than November 13, 2013 at 4:00 p.m. CT** (the "Objection Deadline"). At the same time, you must

---

[1] In addition to Bill Heard Enterprises, Inc., the Debtors include the following entities: (i) Bill Heard Chevrolet Company, (ii) Tom Jumper Chevrolet, Inc., (iii) Bill Heard Chevrolet, Inc. - Huntsville, (iv) Landmark Chevrolet, Ltd., (v) Bill Heard Chevrolet, Ltd., (vi) Bill Heard Chevrolet Corporation Nashville, (vii) Bill Heard Chevrolet Corporation - Orlando, (viii) Bill Heard Chevrolet, Inc. - Union City, (ix) Bill Heard Chevrolet at Town Center, LLC, (x) Bill Heard Chevrolet, Inc. - Collierville, (xi) Bill Heard Chevrolet, Inc. - Scottsdale, (xii) Bill Heard Chevrolet, Inc. - Plant City, (xiii) Bill Heard Chevrolet, Inc. - Buford, (xiv) Bill Heard Chevrolet Corporation - Las Vegas, (xv) Bill Heard Chevrolet Corporation - N.W. Las Vegas, (xvi) Twentieth Century Land Corp., (xvii) Enterprise Aviation, Inc., (xviii) Century Land Corporation, (xix) Century Land Company - Tennessee, (xx) Bill Heard Management, LLC, (xxi) Landmark Vehicle Mgt., LLC, (xxii) Georgia Services Group, LLC, (xxiii) Columbus Transportation, LLC, and (xxiv) Airport Chevrolet, Inc.

also serve a copy of the response so as to be received by counsel for the Liquidating Trustee on or before the Objection Deadline: Mark D. Taylor, Esq., Kilpatrick Townsend & Stockton LLP, 607 14th Street, NW, Washington, DC 20005.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on **November 18, 2013 at 9:45 a.m. CT** to consider the Motion only to the extent a response is timely filed and served. If you file a written response to the objection, then you should plan to appear at the hearing.

Dated: October 23, 2013

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Mark D. Taylor
Mark D. Taylor (Admitted *pro hac vice*)
(VA Bar No. 42416)
607 14th Street, NW
Washington, DC 20005
Telephone: (202) 508-5867
Facsimile: (202) 585-0073
mdtaylor@kilpatricktownsend.com

*Attorneys for William F. Perkins, in his capacity as the Liquidating Trustee for Bill Heard Enterprises, Inc., et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**BILL HEARD ENTERPRISES, INC., ET AL.,**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-83029-JAC11<br>(Jointly Administered)<br><br>Hearing Date: November 18, 2013 @ 9:45 a.m. C.T.<br>(only if necessary)<br>Obj. Due: November 13, 2013 at 4:00 p.m. |

### MOTION OF LIQUIDATING TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Bill Heard Enterprises, Inc. and its associated debtors (collectively, the "Debtors") in the above-captioned chapter 11 proceedings (the "Bankruptcy Proceeding"), by and through the Liquidating Trustee appointed pursuant to the Debtors' confirmed First Amended Joint Consolidated Chapter 11 Plan of Liquidation (the "Plan"), files this motion ("Motion") requesting the entry of an order, pursuant to 11 U.S.C. §§ 105 and 363, approving the sale of certain assets of the Debtors' estates to Oak Point Partners, Inc. ("Oak Point") and related terms. In support of this Motion, the Liquidating Trustee respectfully represents as follows:

---

[1] In addition to Bill Heard Enterprises, Inc., the Debtors include the following entities: (i) Bill Heard Chevrolet Company, (ii) Tom Jumper Chevrolet, Inc., (iii) Bill Heard Chevrolet, Inc. - Huntsville, (iv) Landmark Chevrolet, Ltd., (v) Bill Heard Chevrolet, Ltd., (vi) Bill Heard Chevrolet Corporation Nashville, (vii) Bill Heard Chevrolet Corporation - Orlando, (viii) Bill Heard Chevrolet, Inc. - Union City, (ix) Bill Heard Chevrolet at Town Center, LLC, (x) Bill Heard Chevrolet, Inc. - Collierville, (xi) Bill Heard Chevrolet, Inc. - Scottsdale, (xii) Bill Heard Chevrolet, Inc. - Plant City, (xiii) Bill Heard Chevrolet, Inc. - Buford, (xiv) Bill Heard Chevrolet Corporation - Las Vegas, (xv) Bill Heard Chevrolet Corporation - N.W. Las Vegas, (xvi) Twentieth Century Land Corp., (xvii) Enterprise Aviation, Inc., (xviii) Century Land Corporation, (xix) Century Land Company - Tennessee, (xx) Bill Heard Management, LLC, (xxi) Landmark Vehicle Mgt., LLC, (xxii) Georgia Services Group, LLC, (xxiii) Columbus Transportation, LLC, and (xxiv) Airport Chevrolet, Inc.

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On September 28, 2008 (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court") their voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (as applicable to these cases, the "Bankruptcy Code").

4. Following the Petition Date, the Debtors remained as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On June 19, 2009, the Debtors and the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee") filed their Plan and associated Disclosure Statement (the "Disclosure Statement").

6. A hearing to approve the Disclosure Statement was held on August 4, 2009, and the Court entered its Order (the "Disclosure Statement Order") approving, among other things, the adequacy of the Disclosure Statement for the Plan.

7. The Plan was confirmed on October 14, 2009. Pursuant to the terms of the confirmed Plan, on the Effective Date (as defined therein), the Liquidating Trustee (as defined therein), an individual chosen by the Committee, would be vested with all of the rights, duties and obligations of the Debtors, including but not limited to the right to liquidate the Debtors'

assets.

8.     The Liquidating Trustee is in the process of finally winding down the administration of these cases.  To that end, the Liquidating Trustee is engaged in efforts to ensure that the maximum value of the estates' assets is realized, which efforts include pursuing the sale of any remaining assets.

9.     The Liquidating Trustee has determined that there may exist property of the Debtors' estates, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, transferred, encumbered, or otherwise administered (collectively, "Remnant Assets").

10.    The Liquidating Trustee and Oak Point have negotiated an agreement ("Purchase Agreement") for the sale of the Remnant Assets.  A copy of the Purchase Agreement is appended as Exhibit A to this Motion.  In light of his previous recovery efforts, the Liquidating Trustee has determined that the cost of pursuit of the Remnant Assets would likely exceed the benefit that the estates would possibly receive.  As such, the Liquidating Trustee intends to complete the proposed sale to Oak Point by private sale and does not intend to conduct an auction for the Remnant Assets.

**Requested Relief**

11.    By this Motion, the Liquidating Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Federal Rule of Bankruptcy Procedure 6004, (a) authorizing the Liquidating Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Agreement.

12.    The Agreement provides for a purchase price of $15,000.00 ("Purchase Price") for all Remnant Assets.  The Purchase Price does not include cash held by the Debtors' estates or

the Liquidating Trustee for distribution to creditors and professionals.

13. In the Liquidating Trustee's business judgment, the Purchase Price represents a fair and reasonable sale price for such assets and is the highest and best offer for the sale of the Remnant Assets. The benefit of receiving immediate payment for assets which are largely unknown outweighs the potential benefits of retaining such assets.

14. The Liquidating Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Agreement serves the best interests of the Debtors' estates and the Debtors' creditors, as the sale will allow the Debtors to realize additional funds for the benefit of the estates while simultaneously closing these cases. Accordingly, the sale to Oak Point should be approved as requested.

## Authority for Requested Relief

**A. Sale of Remnant Assets Pursuant to Terms of the Agreement is an Appropriate Exercise of Sound Business Judgment and Should be Approved.**

15. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002). *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996), and *In re Abbotts Dairies of Pa., Inc.*, 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Courts have held that approval of a proposed sale of property pursuant

4

US2008 5032106 1

Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor or trustee. *See Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A showing of sound business justification need not be unduly exhaustive; instead the debtor or trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

17. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of the debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992). The Liquidating Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the Debtors' estates.

18. In the instant case, the Liquidating Trustee submits that sound business justification exists, which merits judicial approval of the proposed sale. The Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. To the Liquidating Trustee's knowledge, there is no other potential buyer willing to pay more for the Remnant Assets. The sale will allow the Debtors to immediately realize additions funds for the benefit of their estates, thereby increasing the pool of assets available for creditor distribution and, simultaneously, allowing the Liquidating Trustee to more expeditiously close the estate.

## B. An Auction of the Debtors' Rights in the Remnant Assets is Not Required.

19. A private sale of the Remnant Assets is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the estates. In accordance with Bankruptcy Rule 6004(f)(1), asset sales outside of the ordinary course of business may be by private or public sale. Fed. R. Bankr. P. 6004(f)(1). A debtor has broad discretion in determining the manner in which its assets are sold. *Berg v. Scanlon (In re Alisa P'ship)*, 15 B.R. 802 (Bankr. D. Del. 1981) (manner of a sale is within discretion of the trustee); *In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (trustee has "ample discretion to administer the estate, including authority to conduct public or private sales of estate property") (internal quotations and citations omitted).

20. Here, the Liquidating Trustee submits that a private sale of the Debtors' Remnant Assets, which are largely unknown, is appropriate. The Liquidating Trustee does not believe that there are any other parties that would offer funds for the Remnant Assets. The delay and costs associated with marketing the Debtors' rights to the Remnant Assets would likely negate any benefit to be derived through a public sale. Accordingly, the Liquidating Trustee submits that a private sale of the Remnant Assets to Oak Point is in the best interest of the Debtors' estates and should be approved.

## C. Sale of Remnant Assets Free and Clear of Liens, Claims, and Encumbrances is Appropriate.

21. The Liquidating Trustee further submits that it is appropriate that the rights to the Remnant Assets be sold free and clear of all liens, claims, and encumbrances, with any such liens, claims, encumbrances, or interests to attach to the sale proceeds thereof. Section 363(f) of the Bankruptcy Code permits the Liquidating Trustee to sell assets free and clear of all interests

which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of the Debtors and the Liquidating Trustee with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988).

22. The Liquidating Trustee believes that there are no parties holding liens or other interests or potential interests in the rights, title and interests that will be sold, assigned and/or transferred under the Agreement. As such, it is appropriate for this Court to authorize the sale of the Debtors' rights to the Remnant Assets free and clear, with any liens, claims or encumbrances to attach to the net proceeds of the sale, with the same validity and priority that the same had against the assets. To the extent that there are interests that may be asserted in the Remnant Assets, the Liquidating Trustee believes that one or more of the statutory prerequisites have been satisfied.

23. Based on the foregoing, the Liquidating Trustee submits that a private sale of the Remnant Assets to Oak Point free and clear of any liens, claims, and encumbrances is a prudent exercise of his business judgment under the circumstances and is in the best interests of the Debtors' estates and the Debtors' creditors. Therefore, the Motion should be approved.

## Waiver of Stay of Order

24. To successfully implement the Agreement and to close the sale expeditiously, the Liquidating Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## Notice

25. Notice of this Motion has been given to the Office of the United States Trustee, Oak Point, any known prospective bidders, any parties known to have asserted any lien, claim, encumbrance, or other interest in and to the Remnant Assets, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Liquidating Trustee submits that such notice is proper and adequate and no further notice is required. The Liquidating Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

## Conclusion

WHEREFORE, the Liquidating Trustee respectfully requests the entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), finding notice to be sufficient, and granting such other and further relief as this Court deems just and proper.

Dated: October 23, 2013

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Mark D. Taylor
Mark D. Taylor (Admitted *pro hac vice*)
(VA Bar No. 42416)
607 14th Street, NW
Washington, DC 20005
Telephone: (202) 508-5867
Facsimile: (202) 585-0073
mdtaylor@kilpatricktownsend.com

*Attorneys for William F. Perkins, in his capacity as the Liquidating Trustee for Bill Heard Enterprises, Inc., et al.*

8

US2008 5032106 1

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, a true and correct copy of the foregoing document was filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all those who have requested or consented to electronic service in these chapter 11 cases.

    /s/ Mark D. Taylor
    Mark D. Taylor