# EXHIBIT A

## PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

**THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS** (this "Agreement"), dated and effective as of October **22,** 2013, is between **WILLIAM F. PERKINS, IN HIS CAPACITY AS LIQUIDATING TRUSTEE** ("Trustee" or "Seller") **of the BILL HEARD ENTERPRISES, INC., ET AL.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

### WITNESSETH:

**WHEREAS,** on September 28, 2008, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama ("Bankruptcy Court"), assigned Case No. 08-83029-JAC11 ("Bankruptcy Case"); and

**WHEREAS,** on or about October 14, 2009, the Bankruptcy Court confirmed the Debtors' First Amended Joint Consolidated Chapter 11 Plan of Liquidation, pursuant to which plan the Trustee was appointed to administer the Debtors' assets; and

**WHEREAS,** at the time of the execution of this Agreement and continuing into the future, there may be property of the Debtor's Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred, encumbered or resolved ( "Remnant Assets"); and

**WHEREAS,** Remnant Assets specifically **excludes** a) cash held at the time of this Agreement by the Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees, including interest received on, and uncashed checks drawn from, such cash and b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS,** Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof, subject to Bankruptcy Court approval.

**NOW THEREFORE,** in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Fifteen Thousand and No/100 Dollars ($15,000.00) payable within the later of 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable order by the Bankruptcy Court.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** The sale of the Remnant Assets by the Trustee is made pursuant to the authority vested in the Trustee.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with

respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement free of any liens or other encumbrances.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Notice of Transfer/Address Change.** Seller hereby authorizes Purchaser to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to any bankruptcy claim transfers and Seller hereby waives (i) its right to raise any objection thereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. With respect to non-bankruptcy claims, Seller authorizes Purchaser to file a change of address or notice of transfer (at Purchaser's discretion) and Seller waives its right to raise any objection thereto and its right to receive notice pursuant thereto.

7. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

8. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

9. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

10. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

11. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Alabama without giving effect to choice of law principles of the State of Alabama.

12. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

//

//

//

2

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _Eric A. Linn_
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 1540 E. Dundee Rd., Suite 240, Palatine, IL 60074
tel (847) 577-1269        fax (847) 655-2746

**WILLIAM F. PERKINS, LIQUIDATING TRUSTEE of the BILL HEARD ENTERPRISES, INC., ET AL., BANKRUPTCY ESTATE**

By: _____
Name:  WILLIAM F. PERKINS
Its:     Liquidating Trustee

Address: c/o W.G. Hays & Associates, LLC, Suite 220B, 1465 Northside Dr, Atlanta, GA 30318
tel (404) 875-5645        fax (404) 881-6133

3