IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>BILL HEARD ENTERPRISES, INC., ET AL.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-83029-JAC11<br>(Jointly Administered) |

**ORDER GRANTING MOTION OF LIQUIDATING TRUSTEE FOR AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES
TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO
11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Upon the Motion[2] of Bill Heard Enterprises, Inc. and its associated debtors (collectively, the "Debtors") in the above-captioned chapter 11 proceedings (the "Bankruptcy Proceeding"), by and through the Liquidating Trustee appointed pursuant to the Debtors' confirmed First Amended Joint Consolidated Chapter 11 Plan of Liquidation (the "Plan"), requesting the entry of an order, pursuant to 11 U.S.C. §§ 105 and 363, approving the sale of certain assets of the Debtors' estates to Oak Point Partners, Inc. ("Oak Point") and related terms; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been

---

[1] In addition to Bill Heard Enterprises, Inc., the Debtors include the following entities: (i) Bill Heard Chevrolet Company, (ii) Tom Jumper Chevrolet, Inc., (iii) Bill Heard Chevrolet, Inc. - Huntsville, (iv) Landmark Chevrolet, Ltd., (v) Bill Heard Chevrolet, Ltd., (vi) Bill Heard Chevrolet Corporation Nashville, (vii) Bill Heard Chevrolet Corporation - Orlando, (viii) Bill Heard Chevrolet, Inc. - Union City, (ix) Bill Heard Chevrolet at Town Center, LLC, (x) Bill Heard Chevrolet, Inc. - Collierville, (xi) Bill Heard Chevrolet, Inc. - Scottsdale, (xii) Bill Heard Chevrolet, Inc. - Plant City, (xiii) Bill Heard Chevrolet, Inc. - Buford, (xiv) Bill Heard Chevrolet Corporation - Las Vegas, (xv) Bill Heard Chevrolet Corporation - N.W. Las Vegas, (xvi) Twentieth Century Land Corp., (xvii) Enterprise Aviation, Inc., (xviii) Century Land Corporation, (xix) Century Land Company - Tennessee, (xx) Bill Heard Management, LLC, (xxi) Landmark Vehicle Mgt., LLC, (xxii) Georgia Services Group, LLC, (xxiii) Columbus Transportation, LLC, and (xxiv) Airport Chevrolet, Inc.

[2] Capitalized terms not defined herein shall carry the meanings ascribed to them in the Motion.

provided; and it appearing that no other notice need be provided and that further notice has been waived; and the Court having read and considered the Motions; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED**:

1. The relief sought in the Motion is GRANTED.

2. The Agreement and all of its terms and conditions are approved in their entirety.

3. Pursuant to 11 U.S.C. § 363(b), the Liquidating Trustee is authorized to sell the Remnant Assets to Oak Point for the consideration described in the Motion.

4. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the estates' right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Debtors, Liquidating Trustee, and any party in interest with respect thereto.

5. The Liquidating Trustee is authorized to take such action as is necessary to effectuate the terms of the Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Agreement.

6. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

2

US2008 5032135 1

Case 08-83029-JAC11    Doc 3349    Filed 11/15/13    Entered 11/15/13 15:57:31    Desc
Main Document      Page 2 of 3

7. The transfer of the Remnant Assets to Oak Point pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

8. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

9. This Court reserves jurisdiction over the provisions of this order and to hear and determine all matters arising from the implementation of this order.

**DONE and ORDERED** this day November 15, 2013

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge